```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

  v.                              CRIMINAL NO. 1:20CR48-07
                                         (Judge Keeley)

**KENNETH BURNS,**

        Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE (DKT. NO. 530), ACCEPTING GUILTY PLEA, SCHEDULING SENTENCING HEARING AND DIRECTING DEFENDANT'S COUNSEL TO REVIEW STANDARD PROBATION AND SUPERVISED RELEASE CONDITIONS WITH DEFENDANT**

On May 12, 2021, the defendant, Kenneth Burns ("Burns"), appeared before United States Magistrate Judge Michael J. Aloi and moved for permission to enter a plea of GUILTY to Count Eleven of the Superseding Indictment. After Burns stated that he understood that the magistrate judge is not a United States district judge, he consented to tendering his plea before the magistrate judge. Previously, this Court had referred the guilty plea to the magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

Based upon Burns's statements during the plea hearing and the government's proffer establishing that an independent factual basis for the plea existed, the magistrate judge found that Burns was competent to enter a plea, that the plea was freely and voluntarily

USA v. BURNS                                             1:20CR48-07

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE (DKT. NO. 530),
ACCEPTING GUILTY PLEA, SCHEDULING SENTENCING HEARING
AND DIRECTING DEFENDANT'S COUNSEL TO REVIEW STANDARD
PROBATION AND SUPERVISED RELEASE CONDITIONS WITH DEFENDANT**

given, that he was aware of the nature of the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea. The magistrate judge entered a Report and Recommendation Concerning Plea of Guilty in Felony Case ("R&R") (dkt. no. 530) finding a factual basis for the plea and recommending that this Court accept Burns's plea of guilty to Count Eleven of the Superseding Indictment.

The magistrate judge also directed the parties to file any written objections to the R&R within fourteen (14) days after service of the R&R. He further advised that failure to file objections would result in a waiver of the right to appeal from a judgment of this Court based on the R&R. The parties did not file any objections to the R&R.

Accordingly, this Court **ADOPTS** the magistrate judge's R&R, **ACCEPTS** Burns's guilty plea, and **ADJUGES** him **GUILTY** of the crime charged in Count Eleven of the Superseding Indictment.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), the Court **DEFERS** acceptance of the proposed plea agreement until it

**USA v. BURNS**                                                              **1:20CR48-07**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE (DKT. NO. 530),
ACCEPTING GUILTY PLEA, SCHEDULING SENTENCING HEARING
AND DIRECTING DEFENDANT'S COUNSEL TO REVIEW STANDARD
PROBATION AND SUPERVISED RELEASE CONDITIONS WITH DEFENDANT**

has received and reviewed the presentence report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 *et seq.*, the Court **ORDERS** as follows:

1. The Probation Officer shall undertake a presentence investigation of Burns, and prepare a presentence report for the Court;

2. The Government and Burns shall provide their versions of the offense to the probation officer by **June 4, 2021**;

3. The presentence report shall be disclosed to Burns, defense counsel, and the United States on or before **August 4, 2021**; however, the Probation Officer shall not disclose any sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4. Counsel may file written objections to the presentence report on or before **August 18, 2021**;

5. The Office of Probation shall submit the presentence report with addendum to the Court on or before **August 25, 2021**; and

6. Counsel may file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the

**USA v. BURNS** 1:20CR48-07

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE (DKT. NO. 530), ACCEPTING GUILTY PLEA, SCHEDULING SENTENCING HEARING AND DIRECTING DEFENDANT'S COUNSEL TO REVIEW STANDARD PROBATION AND SUPERVISED RELEASE CONDITIONS WITH DEFENDANT**

factual basis from the statements or motions, on or before **August 25, 2021.**

The magistrate judge remanded Burns to the custody of the U.S. Marshal.

The Court will conduct the sentencing hearing for the defendant on **September 9, 2021, at 11:15 A.M.** at the **Clarksburg, West Virginia** point of holding court. Prior to that hearing, counsel for Burns shall review with him the revised Standard Probation and Supervised Release Conditions adopted by this Court on November 29, 2016, pursuant to the Standing Order entered by Chief Judge Groh, In Re: Revised Standard Probation and Supervised Release Conditions, 3:16-MC-56. A copy of the Standard Probation and Supervised Release Conditions and Standing Order are attached.

It is so **ORDERED.**

**USA v. BURNS**                                              **1:20CR48-07**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE (DKT. NO. 530),
ACCEPTING GUILTY PLEA, SCHEDULING SENTENCING HEARING
AND DIRECTING DEFENDANT'S COUNSEL TO REVIEW STANDARD
PROBATION AND SUPERVISED RELEASE CONDITIONS WITH DEFENDANT**

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: May 26, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.[1]
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least JO days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least JO days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or lasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

---

[1] This condition applies to defendants released to the community after a period of imprisonment. For probation cases, the condition is: You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:     REVISED STANDARD PROBATION AND SUPERVISED RELEASE CONDITIONS
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

Miscellaneous No.   3:16-MC-56

### ORDER

The Court has revised its Standard Probation and Supervised Release Conditions effective this date.

1. It is **ORDERED** that the attached Standard Conditions are hereby approved and adopted as the Standard Conditions of Probation and Supervised Release of the United States District Court for the Northern District of West Virginia.

2. It is further **ORDERED** that these Conditions shall be published and made available to the officers and members of the bar of this Court.

It is so **ORDERED**.

DATED: Nov. 29 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE